21  355
54  109

VAN HOUTEN's EXECUTOR, appellant, and POST, respondent.

Under the act of April 17th, 1868, a wife was not a competent witness in a suit by or against her husband, but only in a suit by or against *her.* Being offered as a witness in this cause against the husband, prior to the passage of the act of March 17th, 1870, authorizing her testimony on behalf of any party to a suit, she was incompetent.

On appeal from the Orphans Court of the county of Passaic.

*Mr. Williamson,* for appellant.

*Mr. Woodruff,* for respondent.

THE ORDINARY.

The appellant, as executor of Rachel Van Houten, presented his account of the estate of the testatrix in his hands, for allowance.   Post, the respondent here, filed exceptions to the account.   On the hearing of the exceptions, Van Houten, the appellant, offered his wife as a witness to sustain a charge in the account to which Post had excepted. She was objected to by Post as an incompetent witness, being the wife of a party to the suit by whom she was offered.   The court sustained the objection and rejected the testimony.   The appeal is from this decision, which is the only question presented.   This ruling of the Orphans Court was made on the 8th day of January, 1870.

As the law stood at the time of this decision in the

Orphans Court, a married woman could not be a witness either for or against her husband. The act of March 18th, 1859, (*Nix. Dig.* 1044, § 34,) which for the first time permitted parties to be sworn, expressly provided that no female should be admitted as a witness for or against her husband. And the act of April 17th, 1868, (*Nix. Dig.* 1045, § 36), provided only for the admission of a married woman and her husband in suits brought by or against *her*. The provisions do not apply to suits by or against the husband.

The act of March 17th, 1870 (*Pamph. Laws, p.* 59), provides that the husband or wife of a party to any suit is competent to give evidence on behalf of any party to the suit. This witness, if now or hereafter offered in this suit, would be competent, but was not when offered and rejected. The decision of the Orphans Court on this point must be affirmed, and the proceedings remitted to that court.